UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS LABOR HEALTHCARE NETWORK, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17 CV 1917 DDN |
| LOUIS MAULL COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is before the Court upon the motion of defendant Louis Maull Company to continue a post-judgment deposition (Doc. 10) and plaintiffs' motion to compel the deposition (Doc. 13). Plaintiffs are the Trustees of the St. Louis Labor Healthcare Network, an employee benefit plan. They brought suit against defendant under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., esp. § 1132, to enforce contractually required payments to the plaintiff plan.

**A. Procedural History**

On September 25, 2017, the Court entered a Consent Judgment requiring defendant Louis Maull Company to make certain payments to plaintiffs' plan. (Docs. 8 and 9). The Consent Judgment also provides that "[i]f Defendant fails to comply with [the payment schedule], the entire judgment amount, less amounts paid, shall become immediately due, and Plaintiffs shall be entitled to proceed with further legal action, including execution on the judgment balance." (Docs. 8 and 9 at ¶ 3). The judgment

provides that "[w]ithin five days following satisfaction of this Stipulation by Defendant, Plaintiffs will dismiss this matter without prejudice." (*Id.* at ¶ 7).

Defendant defaulted on the Consent Judgment. Thereupon on October 16, 2017, plaintiffs issued their notice under Federal Rule of Civil Procedure 69, intending to obtain information in aid of executing on the Consent Judgment. Plaintiffs' Rule 69 Notice was directed to Louis Maull, Jr., in his capacity as principal of defendant Louis Maull Company, to take his deposition and requesting him to produce 11 categories of documents. (Docs. 14-1, 14-2). Following an exchange of information regarding the need to substitute Louis Maull V as defendant's now current principal and sole director, plaintiffs, on November 7, 2017, issued an Amended Notice to Louis Maull V, to take his deposition on November 17, 2017, and to receive the same documents as noticed previously. (Doc. 14-4).

On November 16, 2017, the day before the scheduled deposition, defendant filed its Motion to Continue the Rule 69 Deposition. (Doc. 10). The reason for the motion to continue was that Louis Maull V was requested to appear at the deposition in a personal capacity as well as in a corporate one. (*Id.*). Counsel for defendant states he would have a conflict of interest in representing both the corporation and Louis Maull V personally, so Louis Maull V needs time to obtain personal legal counsel. (*Id.*). Defendant also states that it has provided plaintiffs with all of the requested documents that it has, but not those that pertained to Louis Maull V.

Plaintiffs' response indicates that defendant's counsel, William Cooper, Esq., advised plaintiffs' counsel that defendant would be engaging new counsel, Vince Vogler; that thereafter, Mr. Cooper, apparently on behalf of Mr. Maull, advised that Mr. Maull would not provide his personal documents and that Mr. Maull would invoke the Fifth Amendment on questions to him about his personal assets. (Doc. 14 at 2, Ex. 1 at ¶¶ 8, 9). Plaintiffs' response also indicates that while defendant has produced some documents, it has failed to produce its 2016 tax return and its records of income received since January 2017 (Doc. 14 at 3), and that Mr. Maull was unwilling to produce any

personal documents.  Both defendant and Mr. Maull failed to appear at the deposition and failed to produce any documents related to his personal assets.  (Doc. 14, Ex. 5).

The Court notes that the record of this action indicates that defendant Louis Maull Company remains represented by William E. Cooper, Esq., and that no counsel has entered for Mr. Louis Maull V.

**B.  Discussion**

"The rules for depositions and discovery are to be accorded a broad and liberal treatment."  *Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 430 (8th Cir. 1998) (citations omitted).  The right to conduct discovery applies both before and after judgment: Federal Rule of Civil Procedure 69 specifically provides that a party may obtain post-judgment discovery "[i]n aid of the judgment" according to the federal rules or the local state court rules.  Fed. R. Civ. P. 69(a)(2).  Missouri's Rules of Civil Procedure allow post-judgment discovery of "matters . . . relevant to the discovery of assets or income subject to . . . the satisfaction of judgments."  Mo. R. Civ. P. 76.28.  The Federal Rules of Civil Procedure allow for depositions of almost anyone, including corporations, who may provide relevant information.  Fed. R. Civ. P. 30.

Against this background, plaintiffs may conduct reasonable post-judgment discovery to inquire into defendant Louis Maull Company's assets.  The company's failure to send a representative to the deposition, as well as its failure to make payments under the judgment, support plaintiffs' motion to compel documents related to the company's income and a deposition of its corporate representative.

As to a deposition of and request for documents from Mr. Maull in a personal capacity, the court believes that, as he is the president and the sole director of the company (Doc. 14, Ex. 3), it is relevant to inquire into whether there has been a transfer of assets between him and the company.  Under Federal Rule of Civil Procedure 30(b)(6), the choice of a representative of the corporate party is for the corporation, not the party that noticed the deposition.  *See* Fed. R. Civ. P. 30(b)(6) ("The named organization must

then designate one or more officers, directors, or managing agents, or designate other person who consent to testify on its behalf."). Mr. Louis Maull V is a not a party to this judicial action, and the plaintiffs only issued a notice of deposition to him for the defendant, not a subpoena for him personally. *See* Fed. R. Civ. P. 30(a)(2). The appropriate procedure to compel a nonparty to produce documents is by subpoena. *See* Fed. R. Civ. P. 34, 45. If nonparties fail to produce the requested documents after having been appropriately served with a subpoena, the requesting party may then seek an order compelling production.

Accordingly, unless otherwise agreed by plaintiffs, defendant, and Mr. Louis Maull V,

**IT IS HEREBY ORDERED** that defendant's motion to continue the deposition (Doc. 10) is **GRANTED** in that a corporate designee must appear for post-judgment deposition at a mutually agreeable date and time not later than January 15, 2018.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel (Doc. 13) is **GRANTED in part** in that defendant must produce to plaintiffs' counsel, not later than December 30, 2017, any as yet unproduced documents relating directly to the defendant company, as set forth in the Amended Notice of Rule 69 Deposition and Request for Production of Documents (Doc. 14-4, Pls. Ex. 3). In all other respects the motion to compel is **DENIED** without prejudice.

       /s/ David D. Noce      
      **UNITED STATES MAGISTRATE JUDGE**

Signed on December 15, 2017.