# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ST. LOUIS LABOR HEALTHCARE )
NETWORK, et al., )
                                )
        Plaintiffs, )
                                )
    v. )                   No. 4:17 CV 1917 DDN
                                )
LOUIS MAULL COMPANY, )
                                )
        Defendant. )

## **MEMORANDUM AND ORDER**

      This matter is before the Court on the motion of plaintiffs to hold defendant and its principal officer in contempt of court for failure to comply with post-judgment discovery. A hearing was held on the motion on April 12, 2018.

      Plaintiffs are the Trustees of the St. Louis Labor Healthcare Network, an employee benefit plan. They brought suit against defendant Louis Maull Company under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., esp. § 1132, to enforce contractually required payments to the plaintiff plan. The parties entered a consent judgment on the defendant's debt to plaintiffs.

      Defendant failed to pay all that was due on the judgment and plaintiffs sought post-judgment discovery. When post-judgment discovery information was not produced, plaintiffs moved to compel. The Court granted the motion. The Court's order required the corporate defendant to produce certain documents in advance of its corporate designee's deposition and for the defendant to designate a corporate representative for the deposition.

      When plaintiffs still did not receive the discovery requested, they filed the pending motion for the Court to hold defendant and its principal in civil contempt. Plaintiffs also seek their attorneys' fees and expenses incurred in bringing this motion.

On April 12, 2018, the pending motion for contempt came before the Court for a hearing. Plaintiffs' counsel advised the Court that defendant's deposition designee, Louis Maull V, appeared for the subject deposition after the motion for contempt was filed. Plaintiffs' counsel orally acknowledged that the factual basis for the motion for civil contempt to compel compliance with the earlier court order no longer exists. Therefore, plaintiffs' counsel requested only an order that defendant pay the attorney's fees incurred in the filing of the earlier motion to compel post-judgment discovery, which the Court's order of December 15, 2017, granted, and then the motion for contempt, which had been based on the failure of defendant to comply with the order. Plaintiffs seek an award of attorneys' fees in the amount of $1,601.00. Plaintiffs are entitled to this award.

On November 30, 2017, plaintiffs filed their motion to compel production of documents and, due to the failure of Louis Maull V to appear for a noticed deposition, a deposition of defendant's principal. On December 15, 2017, the Court sustained the motion in part and ordered as follows:

> **IT IS FURTHER ORDERED** that plaintiffs' motion to compel (Doc. 14) is **GRANTED in part** in that defendant must produce to plaintiffs' counsel, not later than December 30, 2017, any as yet unproduced documents relating directly to the defendant company, as set forth in the Amended Notice of Rule 69 Deposition and Request for Production of Documents (Doc. 14-4, Pls. Ex. 3). In all other respects the motion to compel is **DENIED** without prejudice.

When defendant did not comply with this order, plaintiffs filed their motion for contempt. At the April 12, 2018 hearing, counsel for plaintiffs described the substantial efforts counsel expended, which were frustrated by defendant's failure to comply before plaintiffs filed the motion for contempt. Following the motion for contempt, plaintiffs received documents and Louis Maull V appeared for a deposition.

At the April 12, 2018 hearing, plaintiffs' counsel stated that the total expense of her and her office in preparing and filing the motion to compel and the motion for contempt, and their supporting memoranda, is $1,601.00.

In response to the plaintiffs' claim to attorneys' fees, counsel for Louis Maull V argued that in January 2018, *after the deposition of the company was noticed and after the motion to compel*, Mr. Maull's relationship with the defendant company ended. The record also established

that at least one of the important documents produced to plaintiffs on March 14 existed before the motion to compel was filed.

From the record before it, the Court finds and concludes that defendant and its management failed to respond properly to the discovery requests of plaintiffs, which necessitated the motion of plaintiffs to compel discovery and, following the defendant's failure to comply with the resulting court order, the motion for contempt, both in an effort to obtain the information that was provided following the filing of the contempt motion.

Plaintiffs are entitled to recover their reasonably expended attorneys' fees for their motions to compel and for contempt. *See* Fed. R. Civ. P. 37(b)(2)(A), (B), and (C); 29 U.S.C. § 1132(g); *Employers and Cement Masons #90 Health and Welfare Fund v. Albright Concrete*, 2017 WL 6316815 at *2 (E. D. Mo. Sept. 11, 2017); *Greater St. Louis Construction Laborers Welfare Fund v. Fitzgerald Construction, Inc.,* 2017 WL 2618268 at *2 (E. D. Mo. June 16, 2017). While defendant and defendant's former principal argued plaintiffs were not entitled to recover *any* attorneys' fees, they did not otherwise substantially dispute the reasonableness of the fee claimed by plaintiffs.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for contempt (Doc. 16) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that plaintiff's request for an award of the fees and costs incurred in bringing their motions to compel and for contempt (Doc. 17) **is GRANTED**. Defendant and Mr. Louis Maull V must forthwith pay to plaintiffs the sum of $1,601.00 as reasonable attorneys' fees for the filing and prosecution of plaintiffs' motions to compel and for contempt.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 8, 2018.